**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN WATERLOO DIVISION**

| | |
|---|---|
| DAVID SMITH, | |
| Plaintiff, | (No. C06-2055-LRR) |
| vs. | |
| BLACK HAWK COUNTY JAIL, MIKE KUBIK, and J.D. HOSTETLER, | |
| Defendants. | |
| DAVID SMITH, | |
| Plaintiff, | No. C06-2084-MWB |
| vs. | |
| BLACK HAWK COUNTY JAIL, MIKE KUBIK, LIEUTENANT HUNKEL, and HEAD NURSE, | **REPORT AND RECOMMENDATION ON MOTIONS FOR SUMMARY JUDGMENT** |
| Defendants. | |

_____

## I.  INTRODUCTION

The matters before the court are the defendants' motions for summary judgment. The Black Hawk County Jail, Mike Kubik, and Lieutenant Hunkel (collectively the "Black Hawk Defendants") filed their motion for summary judgment on May 2, 2007 (Doc. No. 24),[1] and the Head Nurse filed her motion for summary judgement on May 11, 2007 (Doc. No. 30).  The plaintiff David Smith filed a resistance to both of these motions for summary judgment on August 24, 2007.  (Doc. No. 47)  The Head Nurse filed a reply on

---

[1]All docket entry references are to C06-2084.  *See* Docket No. 39, consolidating these two cases, and requiring that all future filings in the cases be made in C06-2084.  J.D. Hostetler was named as a defendant in C06-2055 but not in C06-2084, but he moved for summary judgment on May 29, 2007 (Doc. No. 41), and the claims against him were dismissed.  (Doc. No. 55.)  He no longer is a defendant in either of these cases.

September 6, 2007 (Doc. No. 49), and the Black Hawk Defendants filed a reply on September 11, 2007 (Doc. No. 50). By order dated April 18, 2007 (Doc. No. 21), this matter was referred to the undersigned United States Magistrate Judge for the issuance of a report and recommended disposition.

Smith filed this action against the defendants under 42 U.S.C. § 1983, to redress the alleged deprivation of his constitutional rights. Smith contends the defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs.[2] Specifically, Smith alleges the defendants refused to provide him with medication when he did not sign a Consent To Treatment form. For the alleged violation of his constitutional rights, Smith seeks compensatory damages, punitive damages, court costs, declaratory relief, and injunctive relief.

Denying they committed any constitutional violation, the defendants maintain there are no disputed facts and it is appropriate for the court to grant them judgment as a matter of law. Specifically, the defendants argue that: (1) Smith failed to exhaust the available administrative remedies; (2) no violation of Smith's constitutional right to be free from cruel and unusual punishment occurred; (3) Smith's refusal to sign the Consent To Treatment form is the sole proximate cause of any injury he suffered; (4) Smith does not have the requisite physical injury to support a claim for mental or emotional suffering; (5) the defendants cannot be vicariously liable for the actions of independent contractor NaphCare, Inc.; (6) *respondeat superior* is not a valid basis for an action against the Black Hawk County Jail or the Head Nurse Paula Moore; and/or (7) the defendants are entitled to qualified immunity.

In response, Smith contends judgment as a matter of law should not be entered in favor of the defendants because the disputed material facts establish that an Eighth

---

[2] The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII. The Eighth Amendment is applicable to the states through the Fourteenth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 344-45, 101 S. Ct. 2392, 2398, 69 L. Ed. 2d 59 (1981).

Amendment violation occurred and the defendants prevented him from exhausting his administrative remedies. Further, Smith disputes the defendants' assertion that he failed to demonstrate a physical injury that warrants compensatory damages, and he maintains the defendants are not entitled to qualified immunity.

In their replies, the defendants contend Smith failed to file a timely resistance to their motions and failed to comply with the Federal Rules of Civil Procedure and Local Rules. Additionally, they reassert their previous arguments, including the contention that Smith failed to establish an Eighth Amendment violation.

## II. STANDARDS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment and provides that either party to a lawsuit may move for summary judgment without the need for supporting affidavits. *See* Fed. R. Civ. P. 56(a), (b). Rule 56 further states that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). A court considering a motion for summary judgment "must view all of the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts." *Webster Indus., Inc. v. Northwood Doors, Inc.*, 320 F. Supp. 2d 821, 828 (N.D. Iowa 2004) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Quick v. Donaldson Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996)).

The party seeking summary judgment must "'inform[ ] the district court of the basis for [the] motion and identify[ ] those portions of the record which show lack of a genuine issue.'" *Webster Indus.*, 320 F. Supp. 2d at 829 (quoting *Hartnagel v. Norman*, 953 F.2d

394, 395 (8th Cir. 1992), in turn citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986)). A genuine issue of material fact is one with a real basis in the record. *Id.* (citing *Hartnagel*, 953 F.2d at 394, in turn citing *Matsushita*, 475 U.S. at 586-87, 106 S. Ct. at 1356). Once the moving party meets its initial burden under Rule 56 of showing there is no genuine issue of material fact, the nonmoving party, "by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Webster Indus*, 320 F. Supp. 2d at 829 (citing, *inter alia*, *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; and *Rabushka ex rel. United States v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997)).

Addressing the quantum of proof necessary to successfully oppose a motion for summary judgment, the Supreme Court has explained that the nonmoving party must produce sufficient evidence to permit "a reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Furthermore, the Supreme Court has held the trial court must dispose of claims unsupported by fact and determine whether a genuine issue exists for trial, rather than weighing the evidence and determining the truth of the matter. *See Anderson*, 477 U.S. at 249, 106 S. Ct. at 2510; *Celotex*, 477 U.S. at 323-24, 106 S. Ct. at 2552-53; *Matsushita*, 475 U.S. at 586-87, 106 S. Ct. at 1356.

The Eighth Circuit recognizes that "summary judgment is a drastic remedy and must be exercised with extreme care to prevent taking genuine issues of fact away from juries." *Wabun-Inini v. Sessions*, 900 F.2d 1234, 1238 (8th Cir. 1990) (citing Fed. R. Civ. P. 56(c)). The Eighth Circuit, however, also follows the principle that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting *Celotex*, 477 U.S. at 327, 106 S. Ct. at 2555); *see also Hartnagel*, 953 F.2d at 396.

Thus, the trial court must assess whether a nonmovant's response would be sufficient to carry the burden of proof at trial. *Hartnagel*, 953 F.2d at 396 (citing *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552). If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is "entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552; *Woodsmith Pub. Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990). However, if the court can conclude that a reasonable jury could return a verdict for the nonmovant, then summary judgment should not be granted. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510; *Burk v. Beene*, 948 F.2d 489, 492 (8th Cir. 1991); *Woodsmith*, 904 F.2d at 1247.

### III.  UNDISPUTED MATERIAL FACTS[3]

From April 4 to August 15, 2005, Smith was confined at the Black Hawk County Jail in Waterloo, Iowa. (*See* Black Hawk Defendants' App., Doc. No. 24-4, at pp. 6, 8[4]) Smith initially reported that he was not taking any prescription medications and he did not have any health problems. (*Id.* at pp. 6, 12)

Black Hawk County contracted with NaphCare, Inc. ("NaphCare"), an independent contractor, to provide health care services to inmates at the jail. (*Id. at* pp. 6, 69-90; Head Nurse's App., Doc. No. 30-4, at p. 12) NaphCare employed Paula Moore as the health service administrator and contract provider for medical care at the Black Hawk County Jail. (Doc. No. 30-4 at p. 12)

---

[3] The undersigned deems it appropriate to focus on the facts that are related to the merits of Smith's Eighth Amendment claim. Because the resolution of Smith's Eighth Amendment claim is dispositive, there is no need to state additional facts, including the facts that are related to the efforts undertaken by Smith to exhaust his administrative remedies.

[4] Throughout this opinion, page number references to the defendants' appendices refer to the numbers entered by the defendants in the lower right-hand corners of the pages, rather than to the page numbers at the tops of pages entered by the court's electronic filing system.

On April 18, 2005, Smith refused to sign a Consent To Treatment form after an assessment of his physical and mental health was completed. (*Id.* at pp. 22, 30-33) The Consent To Treatment form, in pertinent part, states:

> I hereby give my consent to NaphCare, Inc., its employees and agents to perform any diagnostic laboratory procedures, examinations, x-rays, oral or injected medications or other procedures recommended by the physician.
>
> I am aware the practice of medicine is not an exact science and I acknowledge no guarantees have been made regarding the result of treatments or examination performed by NaphCare, Inc.
>
> I also authorize the transfer of my medical records or copies of said records to any facility to which I am referred for treatment or to any other correctional facility to which I am transferred.
>
> I understand that I may withdraw this consent to any specific treatment by refusing the treatment or test.
>
> I sign this willingly [and] in full understanding of the above release NaphCare, Inc., its employees and agents from any medical liability which may arise from this action.

(*Id.* at p. 33) A little later on the same date, the Consent To Treatment form was explained to Smith, but he refused to sign it or other forms pertaining to refusal of treatment and release of responsibility. (*Id.* at pp. 22, 34-35)

On April 27, 2005, Smith complained of itching in his pubic area and on his chest. (*Id.* at pp. 22, 43) Smith saw a physician who diagnosed a rash and prescribed Benadryl 25 mg. twice daily for two weeks and Hydrocortisone .5% twice daily for two weeks. (*Id.* at pp. 14, 22, 42-46) On April 28, 2005, Smith was informed that he needed to sign the Consent To Treatment form. Smith was belligerent and stated he did not need to sign any form and he could not be denied medical care. (*Id.* at pp. 22, 24) No Benadryl or Hydrocortisone was provided to Smith. (*Id.* at pp. 22, 24)

On May 3, 2005, Smith returned to medical to discuss the Consent To Treatment form. (*Id.* at p. 22) Smith was informed that, except in emergencies, it was necessary for him to give his written permission in order for NaphCare to provide him with medical care. (*Id.*) Smith again refused to sign the Consent To Treatment form and indicated he was going to sue. (*Id.*) On May 5, 2005, a corrections officer explained to Smith that he needed to give written permission in order to receive medical treatment, and medical treatment without written permission could only be provided in extreme or life-threatening emergencies. (*Id.*) Smith again refused to sign the Consent To Treatment form. (*Id.* at pp. 22, 36)

On May 23, 2005, Smith submitted a health services request, signed the Consent To Treatment form, and received medical treatment, including Benadryl and Hydrocortisone. (*Id.* at pp. 21-22, 37-38, 42) After signing the Consent To Treatment form and receiving treatment on May 23, 2005, Smith continued to receive medical treatment for other health problems that he experienced. (*Id.* at pp. 39-40, 42-46)

## IV. ANALYSIS

### A. Overview of Civil Rights Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983, in relevant part, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 2033, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no

substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 1916, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617, 99 S. Ct. at 1916. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. *See also Albright*, 510 U.S. at 271, 114 S. Ct. at 811 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"); *Graham*, 490 U.S. at 393-94, 109 S. Ct. at 1870 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 2504, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution). Thus, to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988).

### B. Smith's Eighth Amendment Claim[5]

### 1. Dismissal on procedural grounds

The pending motions for summary judgment were filed on May 2, 2007 (Doc. No. 24) and May 11, 2007 (Doc. No. 30), but no timely resistances to the motions were filed. On July 10, 2007, recently-appointed counsel for Smith asked for leave to file

---

[5] Although the defendants argue Smith failed to comply with the requirements of 42 U.S.C. § 1997e(a) or to exhaust the administrative remedies available to him, nothing prevents the court from reviewing the merits of Smith's claim. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (although exhaustion requirements under 42 U.S.C. § 1997e(a) were not met, court considered the merits of the case and dismissed the case as frivolous under 42 U.S.C. § 1997e(c)).

resistances to the motions (Doc. No. 43), and on July 11, 2007, the court extended the deadline for resisting the motions to July 30, 2007. Again, this deadline passed without any resistance, or any other papers, being filed. On August l7, 2007, the court entered an order (Doc No. 45) directing Smith to show cause, by August 23, 2007, why the motions should not be granted because of his failure to file timely responses to them. The motions finally were resisted on August 24, 2007. (Doc. No. 47)

Smith's counsel explained his failure to respond to the motions timely by arguing that inmate visiting hours have been cut, inmates are unable to make collect phone calls to their attorneys, and corresponding through the mail is very slow. He states that because of these problems, he had difficulty obtaining an affidavit from Smith, and he filed the resistance as soon as the affidavit was available. These excuses are wholly without merit. On May 29, 2007, the court appointed counsel for Smith, and at counsel's request, the court extended the deadline for resisting the motions for summary judgment to July 30, 2007, two months later. This deadline came and went without a request for an extension of the deadline or an explanation of why the deadline was ignored. In response to another order by the court, Smith finally resisted the motions on August 24, 2007, nearly four weeks later. The affidavit submitted in support of Smith's resistance was signed on August 7, 2006, two years earlier, and nearly three months before Smith filed this lawsuit. This same affidavit was submitted to the court previously, on November 13, 2006.

No valid explanation has been given for the failure to file timely resistances to the motions for summary judgment. This action should be dismissed for failure to comply with the court's orders. *See* Fed. R. Civ. P. 41(b) (involuntary dismissal for failure to prosecute or comply with court order).

Further, Smith has failed to resist the motions for summary judgment properly. At the time he filed his resistance, Local Rule 56.1 provided[6], in pertinent part:

A party resisting a motion for summary judgment must . . . file contemporaneously all of the following:

1. A brief that conforms with the requirements of Local Rule 7.1(e)[7] in which the resisting party responds to each of the grounds asserted in the motion for summary judgment;

2. A response to the statement of material facts in which the resisting party expressly admits, denies, or qualifies each of the nonmoving party's numbered statements of fact, . . .;

3. A statement of additional material facts that the resisting party contends preclude summary judgment, . . .; and

4. An Appendix that conforms with the requirements of section "e" of this rule. . . .[8]

---

[6] New Local Rules took effect on January 1, 2008. For purposes of the instant motions, the undersigned has chosen to apply the Local Rules in effect prior to January 1, 2008. *See* new LR 1.e. (The new local rules apply to pending cases "except to the extent that, in the opinion of the presiding judge, the application of these Local Rules would not be practicable or would work an injustice, in which event the judge may grant appropriate relief.").

[7] Under Local Rule 7.1(e), the party resisting a motion must file a brief containing a statement of the grounds for resisting the motion and citations to the authorities upon which the resisting party relies.

[8] Subsection (e) of Local Rule 56.1, in relevant part, provided:

All references to supporting documents in a brief, a statement of material fact, or a resistance or reply to a statement of material fact must be to a specific page number in an Appendix. The moving party's Appendix must include those pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits upon which the moving party relies in the motion for summary judgment and the supporting documents. The resisting party's Appendix must include those parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits not already included in the moving party's Appendix upon which the resisting party relies in resisting the motion.

(continued...)

10

> A response to an individual statement of material fact that is not expressly admitted must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, with citations to the Appendix containing that part of the record. The failure to respond, with appropriate citations to the Appendix, to an individual statement of material fact constitutes an admission of that fact.

> Each individual statement of additional material fact must be concise, numbered separately, and supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the statement, with citations to the Appendix containing that part of the record.

Smith submitted a brief responding to some of the defendants' arguments, but he did not submit a proper response to the defendants' statements of material fact. He also failed to submit his own statement of additional material facts or an Appendix. Consequently, Smith's resistance does not comply with Local Rule 56.1.

Furthermore, Smith did not comply with subsection (e) of Federal Rule of Civil Procedure 56, which provides, in relevant part, as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not

---

[8](...continued)

> The moving party's supplemental Appendix must include any additional materials upon which the moving party relies in replying to the resistance that have not already been included either in the moving party's Appendix or in the resisting party's Appendix. A document included in an Appendix must be authenticated properly, by affidavit or in some other lawful manner, or it may not be considered by the court in ruling on a motion for summary judgment.

> so respond, summary judgment, if appropriate, shall be
> entered against the adverse party.

Fed. R. Civ. P. 56(e). As previously indicated, Smith merely submitted one affidavit, in which he makes general assertions and primarily addresses the steps he took to exhaust his administrative remedies. Smith points to little or no evidence in support of the allegations he has made in his response to the defendants' statements of material fact. Given Smith's failure to come forward with any evidence, the undersigned also recommends that summary judgment be entered in favor of the defendants on this procedural ground.

### 2. *Merits of Smith's claim*

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII. Accordingly, the treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 831-32, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994); *Helling v. McKinney*, 509 U.S. 25, 31-32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). In its prohibition of cruel and unusual punishments, the Eighth Amendment places a duty on jail and prison officials to provide inmates with necessary medical attention. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S. Ct. 2321, 2326-27, 115 L. Ed. 2d 271 (1991); *Weaver v. Clark*, 45 F.3d 1253, 1255 (8th Cir. 1995). In this context, a prison official violates the Eighth Amendment by being deliberately indifferent either to a prisoner's existing serious medical needs or to conditions posing a substantial risk of serious future harm. *Weaver*, 45 F.3d at 1255 (comparing *Estelle v. Gamble*, 429 U.S. 97, 104-105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (existing medical needs) with *Helling*, 509 U.S. at 33-34, 113 S. Ct. at 2480-81 (risk of future harm to health)).

An Eighth Amendment violation occurs only when two requirements are met: (1) "the deprivation alleged must be, objectively, 'sufficiently serious,'" and (2) the

"prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety." *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (citations omitted). *See also Helling*, 509 U.S. at 32, 113 S. Ct. at 2480; *Estelle*, 429 U.S. at 106, 97 S. Ct. at 292; *Jolly v. Knudson*, 205 F.3d 1094, 1096 (8th Cir. 2000); *Williams v. Delo*, 49 F.3d 442, 445-47 (8th Cir. 1995). In the context of a prisoner's claim of inadequate medical care, society does not expect that prisoners will have unqualified access to health care. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). Consequently, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. (citing *Estelle*, 429 U.S. at 103-04, 97 S. Ct. at 290). *See also Wilson*, 501 U.S. at 298, 111 S. Ct. at 2324.

To constitute an objectively serious medical need or a deprivation of that need, the need or the deprivation either must be supported by medical evidence or must be so obvious that a layperson would recognize the need for a doctor's attention. *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991). *See, e.g., Beyerbach*, 49 F.3d at 1326-27 (insufficient evidence of objective seriousness when there is no medical evidence that delay in treatment produced any harm); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (insufficient evidence of serious medical need when the medical need claimed is based on bare assertion of inmate). The objective portion of the deliberate indifference standard requires a showing of verifiable medical evidence that the defendants ignored an acute or escalating situation, or that delays adversely affected the prognosis given the type of medical condition present in the case. *See Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997) (citing *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997), and *Beyerbach*, 49 F.3d at 1326). *See also O'Neil v. White*, 221 F.3d 1343, 1343 (8th Cir. 2000) (citing *Crowley*, 109 F.3d at 502).

To meet the second requirement, the "subjective" component of an Eighth Amendment claim, a prison or jail official must have a "sufficiently culpable state of

mind." *Wilson*, 501 U.S. at 297-303, 111 S. Ct. at 2323-26; *Hudson*, 503 U.S. at 8, 112 S. Ct. at 999. In a medical needs claim, that state of mind is one of "deliberate indifference" to inmate health. *Farmer*, 511 U.S. at 838-39, 114 S. Ct. at 1979-80; *Helling*, 509 U.S. at 32, 113 S. Ct. at 2480; *Wilson*, 501 U.S. at 302-303, 111 S. Ct. at 2326; *Estelle*, 429 U.S. at 106, 97 S. Ct. at 292. Regarding the meaning of the term "deliberate indifference," the United States Supreme Court has explained:

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

*Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979. Thus, to establish the second requirement, "deliberate indifference," a plaintiff must assert facts showing the defendant actually knew of and disregarded a substantial risk of serious harm to the prisoner's health or safety. *Id.*, 511 U.S. at 840-47, 114 S. Ct. at 1980-84; *Helling*, 509 U.S. at 32, 113 S. Ct. at 2480.

Medical treatment that displays "deliberate indifference" violates the Eighth Amendment "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05, 97 S. Ct. at 291. *See also Foulks v. Cole County*, 991 F.2d 454, 456-57 (8th Cir. 1993). Negligent acts by prison officials, however, are not actionable under 42 U.S.C. section 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-34, 106 S. Ct. 662, 666, 88 L. Ed. 2d 662 (1986); *Estelle*, 429 U.S. at 106, 97 S. Ct. at 292; *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992). Further, an inmate's disagreement or displeasure with his course of medical treatment is not actionable under 42 U.S.C.

§ 1983. *Dulany*, 132 F.3d at 1239-44 (8th Cir. 1997); *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993); *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam); *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).

In the present case, on April 18, 2005, Smith was asked to sign a Consent To Treatment form, but he refused to sign the form. On April 27, 2005, Smith complained of itching in his pubic area and on his chest and a physician prescribed Benadryl 25 mg. twice daily for two weeks and Hydrocortisone .5% twice daily for two weeks. Smith again refused to sign the Consent To Treatment form, and therefore, he was not given the medications. Smith again refused to sign the Consent To Treatment form on May 3 and May 5, 2005. On May 23, 2005, Smith finally signed the form, and he received appropriate medical treatment.

Smith now argues he refused to sign the Consent To Treatment form because it included language releasing NaphCare and its employees and agents "from any medical liability which may arise from" the treatment. The question presented by this argument is whether the defendants are liable for NaphCare's refusal to treat Smith because he would not sign a Consent To Treatment form that contained release-of-liability language. Smith did not assert this reason for refusing to sign the Consent To Treatment form in the pleadings that initiated this action. In the Complaint and supporting attachments, Smith indicated that he believed he did not need to provide consent for the defendants to treat him. Smith did not raise any concern with the release-of-liability language at the times he refused to sign the Consent to Treatment form. He first advanced this as the reason for his refusal to sign the form in his resistance to the pending motions for summary judgment. Smith has not provided the court with an affidavit or any other document to support his assertion that he refused to sign the Consent To Treatment form because it contained release-of-liability language.

Furthermore, it cannot be said that the defendants were deliberately indifferent to Smith's serious medical needs. The defendants contracted with NaphCare to provide medical care to Smith, and they attempted to treat his medical condition (a rash) with appropriate medical treatment. However, their efforts were impeded when Smith refused to consent to treatment. This was not deliberate indifference. *See Logan v. Clarke*, 119 F.3d 647, 650 (8th Cir. 1997) (doctors were not deliberately indifferent because their efforts to treat a skin condition were impeded by plaintiff's inability or refusal to follow their instructions); *see also Dulany*, 132 F.3d at 1240-44 (plaintiffs did not present evidence that course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference); *Sherrer v. Stephen*, 50 F.3d 496, 497 (8th Cir. 1994) ("While the course of treatment was conservative, [inmate's] allegations do not rise to the level of deliberate indifference."). Indeed, the record reveals that the defendants attempted to address Smith's rash in a reasonable and sensible manner and, ultimately, did provide appropriate treatment as soon as he gave them consent.

With respect to the "serious medical need" component of his claim, Smith has failed to establish that he experienced any harm as a result of the brief delay in treatment. *See Dulany*, 132 F.3d at 1243 (requiring plaintiff to show defendant ignored an acute or escalating situation, or that delays adversely affected the prognosis given the type of medical condition present in the case); *see also Ochs v. Thalacker*, 90 F.3d 293, 297-98 (8th Cir. 1996) (plaintiff's mild discomfort resulting from a skin rash did not constitute proof of a serious medical need). Apart from Smith's April 27, 2005, complaint of itching in his pubic area and on his chest, the record does not show Smith experienced pain, discomfort, or any additional itching as a consequence of his rash.

In sum, applying the applicable law to the facts of this case, the undersigned finds the defendants are entitled to judgment as a matter of law with respect to Smith's claim under 42 U.S.C. § 1983. Even when viewed in a light most favorable to Smith, the record fails to establish a genuine issue of material fact as to whether the defendants

violated Smith's Eighth Amendment rights.  Therefore, the undersigned recommends judgment as a matter of law be entered in favor of the defendants.

### C.  The Defendants' Other Grounds or Arguments in Favor of Summary Judgment

Having concluded that Smith's Eighth Amendment claim fails as a matter of law, the undersigned finds it is unnecessary to review the defendants' remaining arguments regarding vicarious liability, *respondeat superior*, qualified immunity, Smith's failure to comply with the requirements of 42 U.S.C. § 1997e(a), and whether Smith's failure to suffer an actual physical injury precludes his Eighth Amendment claim pursuant to 42 U.S.C. § 1997e(e).

### V.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED**, unless any party files objections[9] to the report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) within ten (10) days of the service of a copy of this report and

---

[9] The parties must specify the parts of the report and recommendation to which objections are made.  In addition, the parties  must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections.  *See* Fed. R. Civ. P. 72.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.  *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990).

recommendation, that the defendants' motions for summary judgment be granted, and judgment be entered in favor of the defendants and against Smith.

**IT IS SO ORDERED.**

**DATED** this 11th day of January, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT