# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| DAVID SMITH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BLACK HAWK COUNTY JAIL, MIKE KUBIK, and J.D. HOSTETLER,<br><br>　　　　Defendants. | (No. C 06-2055-LRR) |
| DAVID SMITH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BLACK HAWK COUNTY JAIL, MIKE KUBIK, LIEUTENANT HUNKEL, and HEAD NURSE,<br><br>　　　　Defendants. | C 06-2084-MWB<br><br>**ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

In these actions pursuant to 42 U.S.C. § 1983, which have been consolidated under Case No. C 06-2084-MWB, plaintiff David Smith alleges that the defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs when they refused to provide him with medication because he refused to sign a Consent To Treatment form. These matters come before the court pursuant to the January 11, 2008, Report and Recommendation (docket no. 56) by Chief United States Magistrate Judge Paul A. Zoss, concerning the defendants' May 2, 2007, and May 11, 2007, Motions For Summary Judgment (docket nos. 24 & 30). In his Report and Recommendation, Judge

Zoss recommends that summary judgment be granted in favor of the defendants and against Smith. Somewhat more specifically, Judge Zoss concluded that these actions should be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure based on Smith's failure to file a timely resistance to the motions for summary judgment in compliance with court orders; that summary judgment should be granted in the defendants' favor for Smith's failure to comply with applicable portions of Rule 56 of the Federal Rules of Civil Procedure and N.D. IA. L.R. 56.1 when Smith did file an untimely response to the summary judgment motions; and that summary judgment should be granted on the merits, where Smith had failed to generate a genuine issue of material fact as to whether the defendants violated his Eight Amendment rights. Even though Smith sought and received a one-month extension, to February 18, 2008, of his deadline to file objections to the Report and Recommendation, Smith filed no timely objections.

The court reviews a magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

3

THEREFORE, the court **accepts** that January 11, 2008, Report and Recommendation (docket no. 56) filed by Chief United States Magistrate Judge Paul A. Zoss. Consequently, the court **grants** the defendants' Motions For Summary Judgment (docket nos. 24 & 30). In the alternative, the court **dismisses this action** pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with court orders. Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 25th day of February, 2008.

*/s/ Mark W. Bennett*
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA